# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00081-CV

**Shakeel Mustafa, Appellant**

**v.**

**Tyler Pennington, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
### NO. 17-1060-C26, HONORABLE DONNA GAYLE KING, JUDGE PRESIDING

## C O N C U R R I N G   O P I N I O N

I concur in the majority's judgment affirming the trial court's order granting appellee Tyler Pennington's motion to dismiss under the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011. Based on my review of the pleadings and the competing affidavits filed by the parties, I agree that the trial court properly granted Pennington's motion to dismiss. *See id.* § 27.006(a) (stating that court considers "pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based"); *see also Hersh v. Tatum*, 526 S.W.3d 462, 467–68 (Tex. 2017) (describing shifting burdens and procedures under TCPA); *ExxonMobile Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898–99 (Tex. 2017) (per curiam) (same).

As to Mustafa's challenge to the trial court's denial of his request for discovery in response to the motion to dismiss, I would conclude that the trial court did not abuse its discretion in denying his request. *See* Tex. Civ. Prac. & Rem. Code §§ 27.003(c) (suspending discovery in

legal action on filing of motion to dismiss under TCPA except as provided by section 27.006(b)), .006(b) (authorizing, "on a motion by a party . . . and on a showing of good cause," court to "allow specified and limited discovery relevant to the motion"); *In re IntelliCentrics, Inc.*, No. 02-18-00280-CV, 2018 Tex. App. LEXIS 8725, at *4–5 (Tex. App.—Fort Worth Oct. 25, 2018, orig. proceeding) (mem. op.) (discussing discovery request in context of pending motion to dismiss under TCPA and stating that scope of discovery is within trial court's discretion). Because Mustafa as a matter of law does not have a viable contractual or quasi-contractual claim against Pennington based on Mustafa's factual allegations challenging Pennington's performance as the amicus attorney in the custody suit, the trial court within its discretion could have concluded that Mustafa failed to show the "good cause" that is required to authorize discovery in response to a motion to dismiss under the TCPA. *See* Tex. Civ. Prac. & Rem. Code § 27.006(b).

For these reasons, I concur in the judgment.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Smith

Filed: April 24, 2019